UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                                     CRIMINAL NO. 5:23-CR-38-BJB
*Filed Electronically*

NATASHA HARRIS-JOHNSON                                        DEFENDANT

## **RESPONSE TO MOTION TO DISMISS INDICTMENT [DN 60]**

The United States, by counsel, hereby opposes Defendant Natasha Harris-Johnson's motion to dismiss the Indictment in this case [DN 60]. The Court has previously denied a motion by Harris-Johnson to dismiss this matter [see Order Denying Motion to Dismiss, DN 50, addressing defendant's filings at DN 47 and DN 49]. While the Court's Order [DN 50] denied the prior motion to dismiss because the defendant's pro se filings were procedurally inappropriate while she was represented by counsel, a footnote explains that the sovereign citizen theories and arguments contained within her motion have been soundly rejected by federal courts and notes that "[e]ven if Harris-Johnson's motion had been filed by appointed counsel . . . the Court would deny it as frivolous" [Id., footnote at Page ID# 213]. Harris-Johnson is now a pro se litigant and has leave to file motions on her own behalf; yet she is still not entitled to relief based on frivolous legal theories and her motion to dismiss should be denied again.

      **A.**      **Defendant's Motion to Dismiss is Devoid of Legitimate Legal or Factual Support, and Must be Denied**

It is somewhat difficult to decipher the reasoning behind the Defendant's disjointed motion, which contains several baseless assertions about federal law and misstates basic facts underlying

1

this matter. The crux of the defendant's argument seems to be that this court lacks personal and subject matter jurisdiction over her for several reasons, all frivolous.

Among the primary explanations offered for the Court's alleged lack of jurisdiction are: 1. that the grand jury was not competent to indict Harris-Johnson in this matter because she was born in the state of Arkansas, considers herself to be an "American Arkansan National not a resident of the United States federal jurisdiction[,]" and because she has not consented to the Court's jurisdiction [see DN 60 at Page ID# 234-35, 237]; and 2. that the prosecution is unlawful because she has trademarked her name and holds "Natasha Harris-Johnson" out as a corporate entity, rather than a natural person or "living woman" and avers that such property supposedly cannot be prosecuted [see Id. at Page ID# 235-38]. These theories—that defendant Natasha Harris-Johnson is both a citizen of Arkansas alone (and not of the United States) and is simultaneously a trademarked corporate entity (and not a person or "living woman")—are seemingly in conflict with one another and are certainly nonsensical and irrelevant besides. The defendant's present motion and various assertions she has made in prior filings and correspondence echo tired and groundless arguments regularly put forth by adherents of the "sovereign citizen" ideology that has been universally rejected by federal courts across the country.

  **B.  This Court Has Both Personal and Subject Matter Jurisdiction Over the Defendant**

There are two types of jurisdiction: personal jurisdiction and subject matter jurisdiction. "A defendant need not acquiesce in or submit to the court's jurisdiction or actually participate in the proceedings in order for the court to have personal jurisdiction over the defendant." *United States v. McLaughlin,* 949 F.3d 780, 782 (2nd Cir. 2019). Rather, "[w]hen a District Court has subject matter jurisdiction over the criminal offenses charged, it has personal jurisdiction over the individuals charged in the indictment and present before the court to answer those charges." *Id.* at

781 (citing *United States v. Alvarez-Machain*, 504 U.S. 655, 661-62 (1992)). Accordingly, the key question is whether this Court has subject matter jurisdiction, and in this case, the answer is obviously yes.

This Court clearly has subject matter jurisdiction. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Moreover, "injury to [the United States'] sovereignty arising from violation of its laws . . . suffices to support a criminal lawsuit by the Government." *United States v. Pryor*, 842 F.3d 441, 448 (6th Cir. 2016) (citing *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000)). Thus, the criminal Indictment against the Defendant is within the Court's jurisdiction and the United States has standing to bring it.

Whether the Defendant claims to be an American citizen, a sovereign citizen, or a citizen of Switzerland, is entirely irrelevant to jurisdiction. Every year thousands of foreign nationals are prosecuted in federal district courts for federal criminal violations committed in the United States. *See United States v. Ark*, 169 U.S. 649, 693 (1898) ("Every citizen or subject of another country, while domiciled here, is within the allegiance and the protection, and consequently subject to the jurisdiction, of the United States"). Foreign nationals can even be extradited to the United States to face criminal charges for criminal acts occurring in the United States or its territories.

Defendant's claims that the Court lacks jurisdiction over her, including her asserted status as a non-federal citizen or as some other corporate entity, have been universally rejected by the courts, and have no legal basis. For example, in *United States v. Delatorre*, 2008 WL 312647, at *1 (N.D. Ill. Jan. 30, 2008), the defendant made similar claims to those Harris-Johnson now puts forth, denying a federal court's jurisdiction over him through a series of dubious legal theories, including claiming that the United States erroneously charged an entity bearing his name and not

3

him personally. The court in *Delatorre* found that "similar arguments have been made by other defendants in the past, and they have *always* been rejected as erroneous as a matter of law." *Id.* The court held that:

> Mr. Delatorre is an actual, bona fide Defendant in this case. This Court's jurisdiction over Mr. Delatorre remains valid whether his name is written in all capital letters or a mix of capital and lower case letters, or whether he identifies himself as: a "real flesh and blood man, in his private capacity," a "sovereign secured party creditor," a debtor; the "authorized representative of the corporate fiction-entity/debtor identified," . . . Mr. Delatorre's Uniform Commercial Code ("UCC") copyright, and trademark filings do not change this fact. . . . Mr. Delatorre is not a "sovereign" outside the jurisdiction of this Court, but an individual "natural or unnatural"-subject to the criminal laws of this country "whether he requested, obtained or exercised any privilege from the federal government."

*Id.*, at *2. Likewise, the Defendant in cannot relieve herself of the Court's jurisdiction through a Trademark on her name [see, DN 60-4], through Secretary of State Filings where she declares her name to represent a corporate entity [see, e.g., DN 60-5, DN 60-6], or any other frivolous filing or correspondence she has offered to date.

This Court and other federal courts have consistently and uniformly reached the same conclusion when sovereign citizen arguments of this ilk are raised: such arguments are frivolous and invalid. *See e.g.*, *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) ("defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans"); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented"); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting defendant's claim that court lacked jurisdiction because he was a citizen of the sovereign state of Idaho and there was no contract between the defendant and the government, holding "these issues

are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion'); *In Re: Mooreese El*, 2021 WL 4594666, at *1 (W.D. Ky. Oct. 6, 2021) ("Courts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship"); *McCormack v. Hollenbach*, 2019 WL 360522, at *2 (W.D. Ky. Jan. 29, 2019) (sovereign citizen arguments "have been uniformly rejected by the federal courts for decades," "are recognized as frivolous and a waste of court resources," and "may be dismissed without "extended argument" as patently frivolous") (internal citations omitted); *Conerly v. Paran, LLP*, 2019 WL 3848781, at *2 (D. Id. Aug. 8, 2019) ("petitioners rely on their "sovereign citizen" theory, an invalid legal argument that originated in the context of tax protests . . . this theory-in all its various forms-has been rejected consistently by the courts").

The Defendant's arguments regarding jurisdiction are frivolous and her motion should be denied. Moreover, "questions of subject matter jurisdiction are questions of law." *United States v. Bahhur*, 200 F.3d 917, 922 (6th Cir. 2000). Accordingly, to prevent confusion of the issues and to avoid wasting time, the United States has also moved in limine for an order precluding the Defendant from raising any of her jurisdictional arguments before the jury [DN 62].

## CONCLUSION

For all of the foregoing reasons, the Court should deny Defendant's pending motion to dismiss the Indictment against her [DN 60].

Respectfully submitted,

Kyle G. Bumgarner
United States Attorney

*/s/ Corinne E. Keel*
Corinne Keel
Assistant U.S. Attorney
United States Attorney's Office
717 W. Broadway
Louisville, KY 40202
(502) 625-7041
Email: corinne.keel@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on or about September 17, 2025, the attached pleading was filed electronically with the court's ECF system.

Additionally, a paper copy of this filing is being mailed to:

Natasha Harris Johnson
P.O. Box 87
Paducah, KY 42002

*/s/ Corinne E. Keel*
Assistant U.S. Attorney