Case 5:23-cr-00038-BJB-LLK  Document 67  Filed 09/22/25  Page 1 of 5 PageID #: 313

FILED
JAMES J. VILT, JR. - CLERK
SEP 2 2 2025
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Natasha L. Harris-Johnson
C/O PO Box 87
Paducah, Ky 42002
natashah01@hotmail.com
270-217-9395

# UNITED STATES DISTRICT COURT

## WESTERN KENTUCKY- PADUCAH

| | |
|---|---|
| Natasha L. Harris-Johnson, Trustee Plaintiff in Err; United States of America<br><br>Plaintiff(s),<br><br>vs.<br><br>NATASHA HARRIS-JOHNSON, EXPRESS TRUST<br><br>Defendant(s). | Case No.: 5:23CR38-BJB<br><br>**MOTION TO DISMISS AND OPPOSITION TO MOTIONS IN LIMINE, WITH REQUEST FOR SANCTIONS** |

. **OPPOSITION TO MOTION IN LIMINE TO PROHIBIT "SOVEREIGN CITIZEN" DEFENSE**

The prosecution paints with a broad brush, attempting to bar Defendant from asserting jurisdictional challenges, constitutional defenses, or property rights over her name and likeness. This is improper.

Constitutional Right to Present a Defense: The Supreme Court has repeatedly held that a defendant must be allowed to present her theory of defense, however unconventional. Crane v. Kentucky, 476 U.S. 683 (1986); Holmes v. South Carolina, 547 U.S. 319 (2006).

- 1 -
MOTION TO DISMISS AND OPPOSITION TO MOTIONS IN LIMINE, WITH REQUEST FOR SANCTIONS

- Jurisdictional Challenges Are Always Permissible: Fed. R. Crim. P. 12(b)(2) allows a jurisdictional motion "at any time while the case is pending."
- The Government cannot preemptively gag the Defendant from making good faith arguments. Courts have rejected such blanket prohibitions. See United States v. Wishnefsky, 7 F. Supp. 2d 362 (W.D. Pa. 1998) (court must hear jurisdictional objections).

## II. OPPOSITION TO MOTION IN LIMINE TO EXCLUDE ARGUMENTS ENCOURAGING JURY NULLIFICATION

The Government seeks to prevent any suggestion of jury independence. This request ignores established law:

While a defendant may not explicitly urge nullification, she may argue the facts, law, equities, fairness, and constitutional principles underlying her case. See United States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993).

- The jury's power to acquit regardless of the law is a structural feature of our system (Sparf v. United States, 156 U.S. 51 (1895)). Courts cannot strip a defendant of the ability to argue fairness or constitutional liberty.
- Motions that gag defense arguments chill the Sixth Amendment right to effective advocacy and amount to prior restraint. Government's request as unconstitutional and overbroad.

## III. OPPOSITION TO MOTION IN LIMINE TO LIMIT "TAX DEFIER" EVIDENCE

- 2 -
MOTION TO DISMISS AND OPPOSITION TO MOTIONS IN LIMINE, WITH REQUEST FOR SANCTIONS

The Government seeks to bar any evidence that does not fit its narrative, labeling it "tax defier" material. This is vague and prejudicial.

- Evidence is admissible if it is relevant under Fed. R. Evid. 401. Exclusion at the outset is improper.
- The Supreme Court requires that a defendant be allowed to present evidence to negate willfulness in tax-related charges. Cheek v. United States, 498 U.S. 192 (1991) (good-faith misunderstanding of tax law is valid defense).
- The Government's request would deprive Defendant of her ability to establish mens rea.

## IV. GOVERNMENT'S BAD FAITH AND REQUEST FOR SANCTIONS

These motions are not narrow evidentiary requests but an attempt to stigmatize Defendant and mischaracterize her defense. Such tactics violate Rule 11(b) (Fed. R. Civ. P., incorporated by court's inherent authority), which prohibits filings made for improper purpose.

- 3 -
MOTION TO DISMISS AND OPPOSITION TO MOTIONS IN LIMINE, WITH REQUEST FOR SANCTIONS

- Courts have sanctioned prosecutors for filing overbroad or prejudicial motions. United States v. Hasting, 461 U.S. 499 (1983) (prosecutorial misconduct requires remedy).
- The Court possesses inherent power to sanction bad faith litigation conduct. Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

**CONCLUSION**

The Government's motions in limine are unconstitutional, premature, and filed in bad faith. Defendant respectfully requests this Court:

1. Deny all Government motions in limine;
2. Affirm Defendant's right to present her defense fully and fairly;
3. Issue sanctions against the prosecution for filing overbroad and stigmatizing motions; and
4. Grant any other relief deemed just.

DATED: Sep 16, 2025

Natasha L. Harris-Johnson, Trustee
for NATASHA HARRIS-
JOHNSON. EXPRESS TRUST

- 5 -
MOTION TO DISMISS AND OPPOSITION TO MOTIONS IN LIMINE,
WITH REQUEST FOR SANCTIONS