# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**UNITED STATES OF AMERICA**

    v.                                                                                            No. 5:23-cr-38-BJB

**NATASHA HARRIS-JOHNSON**

\* \* \* \* \*

## OPINION AND ORDER

*Pro se* Defendant Harris-Johnson was indicted on September 12, 2023, on eight counts of making false claims to the IRS for tax returns and one count of wire fraud. For a time, count-appointed counsel represented her—first federal public defender Aaron Dyke, and then CJA panelist Scott Marcum after her relationship with Dyke broke down.

This year, however, Harris-Johnson (who is not a lawyer) decided to take charge of her own defense. While Marcum still represented her, Harris-Johnson entered her own appearance and moved to dismiss the indictment on grounds resembling those advanced by so-called "sovereign citizens." *See* Motion to Dismiss (DN 47). The Court denied that motion on hybrid-representation grounds—that is, the rule that litigants may not "supplemen[t] their lawyer's filings with their own *pro se* requests to the court." Order Denying Motion to Dismiss (DN 50) at 2. And the Court warned Harris-Johnson that "[c]ourts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship." *Id.* at 2 n.†.

Undeterred, Harris-Johnson fired Marcum. *See* DN 53. She nevertheless filed several more motions on her own behalf. *See* DNs 60, 66 & 69. As the Court has already observed, these motions, too, "involv[e] sovereign-citizen arguments." Order (DN 73) at 1. All are frivolous, and the Court declines to dismiss the charges against her.

\* \* \*

**1.** Harris-Johnson's first motion (DN 60) asks the Court to dismiss the indictment on a number of spurious grounds.

To start, Harris-Johnson objects that the grand jury had no power to indict her. On her telling, a grand jury convened in Kentucky can't indict an "American Arkansan National ... who has not consented to jurisdiction." DN 60 at 1. Harris-Johnson is mistaken. A federal grand jury is competent to indict a person of any

heritage for federal offenses committed within the territorial jurisdiction of the judicial district in which it sits. 18 U.S.C. § 3332(a). The accused needn't be an American citizen,[1] much less native to the state where the grand jury is impaneled. To be sure, Harris-Johnson is right that a grand jury, like any jury, must be selected by a constitutionally permissible procedure. *See Alexander v. Louisiana*, 405 U.S. 625, 626–28 & n.3 (1972). But her claimed status as a "white American National, Arkansan," DN 60 at 4, doesn't indicate in any way that "potential jurors" were "systematic[ally] exclu[ded]" based on membership in constitutionally protected groups. *Alexander*, 405 U.S. at 626 n.3.

Next, Harris-Johnson attacks the Court's personal and subject-matter jurisdiction, denies that she was properly served, and purports to raise a Takings claim against the Government for "misappropriation of [a] trademark." DN 60 at 3. These theories rest on one idea: that the indictment names "NATASHA HARRIS-JOHNSON, a registered trademark and corporate entity," rather than Natasha Harris-Johnson, the natural person. DN 60 at 2. But as the Sixth Circuit has explained, this is "meritless rhetoric," not legal argumentation. *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).[2]

**2.** Harris-Johnson's second motion (DN 66) raises similar arguments. She first complains that the Government breached the Due Process Clause by labeling her a sovereign citizen—a label that, to her mind, may reflect bias against her. DN 66 at 2. She cites no authority that adopts her position, however. This is unsurprising. Far from "legitimate … jurisdictional challenges," *id.*, Harris-Johnson advances meritless conspiracy theories. For decades, courts have called these arguments by the term ("sovereign citizens") that their first proponents chose. *See, e.g.*, *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983). No authority supports the proposition that merely using this nomenclature in pretrial briefing, outside the view or hearing of any juror, undermines the right to trial by an impartial jury.

Reprising the theme of her first motion, Harris-Johnson asserts that the United States lacks standing to prosecute her unless this case involves a "valid

---

[1] Harris-Johnson denies that she is a "federal citizen." DN 60 at 4. But she seemingly volunteers that she was born in Arkansas and gives the Court no reason to doubt that this conferred U.S. citizenship.

[2] Harris-Johnson purports to raise these theories under Federal Rule of *Civil* Procedure 12(b). Although the civil rules do not apply in criminal proceedings, the Court nevertheless addresses Harris-Johnson's theories on their merits.

contract, … monetary injury, … [or] obligation knowingly undertaken." DN 66 at 3. She is mistaken. Standing, in the financial sense used by Harris-Johnson, refers to the constitutional demand of an actual injury before private citizens may come into federal court to litigate civil suits. No strict economic-injury requirement applies to criminal cases brought by the federal government, however. Since long before the Founding, a sovereign has had authority to prosecute crimes regardless of any financial injury. Plus, even on Harris-Johnson's own terms, the Government's allegations concern a concrete financial injury: the indictment accuses her of taking millions of dollars from the federal government in the form of fraudulently induced I.R.S. checks.[3]

**3.** Harris-Johnson's third motion (DN 69) homes in on the grand-jury proceedings. She objects that she was "not notified of the indictment proceedings in advance," "not granted entry, representation, or any presence [before] the grand jury," and "barred from presenting rebuttal witnesses, viewing evidence, or cross-examining" witnesses. *Id.* at 3. "Any indictment procured in secret," she says, "is void ab initio." *Id.* at 3–4. But the law has long tolerated, and even required, grand jury secrecy. Grand juries bear an "obligation of secrecy." FED. R. CRIM. P. 6(e)(2); *see United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) (recognizing the "long-established policy" of "secrecy of the grand jury proceedings in the federal courts"). When the states ratified the Fifth Amendment, they "adopt[ed]" the rule that grand juries "ac[t] in secret," "in this country as in England of old." *Costello v. United States*, 350 U.S. 359, 362 (1956). That is a constitutional tradition, not a constitutional transgression.[4]

Nor did Harris-Johnson's indictment breach the Confrontation Clause. That provision protects the right to confront witnesses in "criminal prosecutions." U.S. CONST. amend. VI. But grand-jury proceedings are not prosecutions; they are only preludes to it. *See, e.g.*, *Rothgery v. Gillespie County*, 554 U.S. 191, 198 (2008)

---

[3] In this second motion, Harris-Johnson also asks the Court to "[a]cknowledge [her] hybrid representation rights and not require exclusive attorney representation." DN 66 at 3. As the Court has explained, criminal defendants do not have hybrid-representation rights. *See* DN 47 at 2. And Harris-Johnson confirmed at a hearing conducted on October 14, 2025, that she wishes to represent herself—and will accept Scott Marcum's services as elbow counsel. *See* DN 74. On this understanding, the Court denies Harris-Johnson's request for hybrid representation.

[4] Harris-Johnson adds that a grand-jury proceeding "is a hearing" that "deprives a citizen of liberty or property" and therefore must provide a "meaningful opportunity to be heard." DN 69 at 7 (purporting to quote *Goldberg v. Kelly*, 397 U.S. 254 (1970)). *Goldberg* contains none of these quotations, however, and addresses welfare benefits rather than criminal proceedings. And a grand-jury indictment obviously precedes a full-dress criminal trial in which a defendant has a meaningful opportunity to resist the state's attempt to deprive her of life, liberty, or property.

(explaining that "prosecutio[n] … commence[s]" with "formal charge, preliminary hearing, indictment, information, or arraignment") (quotation marks omitted); *see also Crawford v. Washington*, 541 U.S. 36, 50–51 (2004) (Confrontation Clause applies to "statements introduced at trial"); *Trump v. Vance*, 591 U.S. 786, 846 n.15 (2020) (Alito, J., dissenting) ("[N]either the Federal Rules of Evidence nor the Confrontation Clause apply to federal grand jury proceedings."). And although Harris-Johnson raises a hearsay objection too, that also finds no support in federal caselaw. Like the Confrontation Clause, the Federal Rules of Evidence do not apply in grand-jury proceedings. FED. R. EVID. 1101(d)(2).[5]

\* \* \*

In response to Harris-Johnson's three motions, the United States filed three of its own. It asks that the Court exclude sovereign-citizen, jury-nullification, and tax-defier arguments at trial. DNs 62, 63, 64. Harris-Johnson retorts that she has a constitutional right to mount any defense she pleases. DN 67 at 1. It's true that criminal defendants—particularly those proceeding *pro se*—have some leeway to make unconventional arguments. But it's also true that "federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). And the evidence rules and Constitution alike "permi[t] judges to exclude evidence that is repetitive, only marginally relevant, or poses an undue risk of harassment, prejudice, or confusion of the issues." *Holmes v. South Carolina*, 547 U.S. 319, 326–27 (2006) (cleaned up); *see* FED. R. EVID. 403. Along similar lines, the Court has inherent power to protect the jury from irrelevant argumentation. *See Cheek v. United States*, 498 U.S. 192, 206–07 (1991). Consistent with these obligations, the Court finds that sovereign-citizen and tax-defier arguments[6]—and evidence relevant only to those arguments—would serve only to waste time and confuse the jury. *See, e.g., United States v. Williamson*, No. 3:21-cr-123, 2022 WL 16640010, at \*2–3 (W.D. Ky. Nov. 2, 2022) (excluding sovereign-citizen evidence and argumentation); *United States v. Ross*, No. 3:11-cr-32, 2012 WL 4068579, \*2–3 (E.D. Tenn. Sept. 14, 2012) (excluding tax-denier evidence and argumentation). And as for jury-nullification arguments, circuit precedent is clear: "courts will not encourage this … or allow lawyers to argue overtly for it." *Wofford v. Woods*, 969 F.3d 685, 709 (6th Cir. 2020).

---

[5] Harris-Johnson also demands that the Government produce any *Brady* material it may have. DN 69 at 2. This, of course, is appropriate—and consistent with the Court's scheduling order, *see* DN 48. But Harris-Johnson gives the Court no reason to think the Government has withheld *Brady* material. If the Government has any, it should disclose it promptly.

[6] Tax defiance, for purposes of the Government's motion, is the effort to "deny the fundamental validity of the tax laws." DN 64 at 1 n.1.

Without a witness list or exhibit list from Harris-Johnson, the Court is in no position to exclude specific evidence in response to the Government's motions. But the Court will provisionally grant all three of the Government's motions—and admonish Harris-Johnson that argument and evidence rooted in sovereign-citizen, jury-nullification, or tax-defier theories will not be tolerated at trial.

\* \* \* \* \*

The Court denies Harris-Johnson's pretrial motions (DNs 60, 66, 69) and grants the Government's pretrial motions (DNs 62, 63, 64).

Benjamin Beaton, District Judge
United States District Court

November 14, 2025