UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

UNITED STATES OF AMERICA

v.   No. 5:23-cr-38-BJB

NATASHA HARRIS-JOHNSON

\* \* \* \* \*

OPINION AND ORDER

Since she elected to represent herself in this tax-fraud prosecution, non-lawyer Defendant Harris-Johnson has filed and otherwise raised a litany of frivolous motions and arguments. *See, e.g.*, DNs 45, 46, 47, 49, 60, 61, 66, 67, 69, 70, 80. Most present variations on the same theme: this Court's purported lack of jurisdiction to adjudicate the criminal prosecution initiated when the federal Government presented and a federal grand jury issued nine criminal charges against her. In some motions, Harris-Johnson identified herself as a corporation, trust, or "white American national, Arkansan." In others, she identified alleged defects in the Court's jurisdiction, complained that she was not invited to attend grand-jury proceedings, and purported to raise Takings claims against the Government. Meanwhile, before other tribunals, she sued the United States for trademark infringement—alleging that printing her name in the Indictment infringed her intellectual property to the tune of $4.5 million in damages—and sought the disbarment of the federal prosecutor assigned to this case. The Court has repeatedly rejected these theories as "frivolous." Order Denying Motion to Dismiss (DN 75); *see also* DN 50 at 2 n.†; DN 71 at 1; DN 73 at 1–2; DN 76 at 1–2; DN 87 at 3–5; DN 94 at 1.

Nevertheless, the week before her trial date (already rescheduled once at her behest), Harris-Johnson has filed eight new motions and notices recapitulating her theories. *See* DNs 90, 91, 92, 93, 95, 96, 97, 98. What links these is a separate and overarching request to stay the trial while the Court resolves these arguments. As the Court has repeatedly made clear to Harris-Johnson, who remains free on bond, this trial will proceed as scheduled absent the most extraordinary of circumstances. None of her latest filings comes close. **This case remains set for trial on Monday, January 12, 2026, at 8:30 AM Central time in the Paducah Courthouse.**

One of the new motions raises the same jurisdictional argument rejected previously. More than six months after she first entered an appearance on her own behalf, *see* DN 45, Harris-Johnson has entered a "special appearance"—ostensibly to

1

preserve jurisdictional objections. DN 96. At the same time, she filed a "threshold motion to dismiss or quash proceedings for lack of subject-matter jurisdiction, prosecutorial authority, and facially valid charging instrument." DN 97. This duplicates the argumentation already advanced—and rejected—in her earlier requests that the case be dismissed. *See* DNs 47, 49, 60, 67, 70. As the Court has repeatedly explained: Harris-Johnson is a natural person within the Court's jurisdiction, the Government has authority to prosecute her for the alleged offenses, and the Indictment is proper. And because the Court has already rejected this argumentation, there is no merit in Harris-Johnson's accompanying request that the case be stayed, or the trial continued, while the Court resolves her "threshold jurisdictional issues." DN 98 at 1. That is because, as reiterated above, the Court has already resolved these threshold issues and satisfied itself of its jurisdiction. Harris-Johnson is free to disagree, of course. But to the extent she does, the proper vehicle is an appeal to the Sixth Circuit in the event of a conviction—not continued insistence in the District Court.

None of the rest of Harris-Johnson's new filings warrants further delay, either. Some merely profess her innocence: stating that Harris-Johnson "has never knowingly or intentionally acted to defraud" anyone, and demands that the Government "prove each element, including mens rea, beyond a reasonable doubt." DN 90 at 1. That is of course among the facts that the Government will be required to prove, to the jury, starting Monday. Another notice volunteers that Harris-Johnson has filed a lawsuit in Arkansas probate court. That suit seeks—among other things—to correct an alleged probate error through a judicial declaration that Harris-Johnson "is alive" and "has never been declared deceased or incapacitated." DN 95 at 1. Needless to say, any alleged Arkansas probate mistake has no bearing on Harris-Johnson's criminal jeopardy in this Court.

Harris-Johnson's final tranche of notices concerns a plea offer apparently tendered by the Government. In these notices, Harris-Johnson explains that she rejected the offer because she "disputes" the underlying allegations, DN 93 at 1; "does not admit" that she committed fraud or that any of the allegations are "true," DN 91 at 1; and asks that "[n]o adverse inference be drawn" from her "refusal of the plea," DN 92 at 2. Rejecting an offer is Harris-Johnson's right; no inferences will be drawn from her choice to do so. Beyond ensuring that the Defendant is aware of any offers, however, a District Judge plays no role in plea bargaining. *See Missouri v. Frye*, 566 U.S. 134, 143 (2012) ("no judicial supervision of the discussions between prosecution and defense"). What offers the Government makes, and how Harris-Johnson responds, are decisions for the parties and don't bear on this Court's duty to adjudicate the case. "The court must not participate in these discussions." FED. R. CRIM. P. 11(c)(1); *accord In re United States*, 32 F.4th 584, 592–93 (6th Cir. 2022).

## ORDER

The Court denies Harris-Johnson's motions to dismiss the Indictment and stay the case (DNs 97, 98), and rules that none of the additional notices and requests discussed above (DNs 90, 91, 92, 93, 95, 96) warrants further delaying trial in this case.  Trial will begin **Monday, January 12, 2026**, and the Court orders Harris-Johnson, elbow counsel, and counsel for the United States to arrive at the Paducah courthouse no later than **8:15 a.m. Central**.

Benjamin Beaton, District Judge
United States District Court

January 8, 2026