UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**FILED**
JAMES J. VILT, JR. - CLERK

JAN 16 2026

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES OF AMERICA**

v.                                                             No. 5:23-cr-38-BJB

**NATASHA HARRIS-JOHNSON**

\* \* \* \* \*

### JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and general rules that apply in every federal criminal case. Second, I will explain the legal elements, or issues, that you must address to decide whether to convict the Defendant for the offenses she is accused of committing. Then I will pause, and you will hear the Government and the Defendant give their closing arguments—but remember that those do not bind you like my instructions do. Third, and finally, I will talk to you about how you jurors, as a group, will deliberate and decide this case.

### I. DUTIES OF THE JURY

You have two main duties as a jury. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found. Instructing you about the law is my job. And you are bound by the oath you took at the beginning of the trial to follow my instructions, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, as well as these instructions now. All of the instructions are important, and you should consider them together as a whole.

The Government and the Defendant may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence

1

your decision in any way. The parties, lawyers, and I expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict—regardless of the consequences.

You are to consider only the evidence in this case. Unless I instruct you otherwise, that evidence consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who offered them), and all facts and events that may have been admitted or agreed to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times should help you understand the evidence, but is not itself actually evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence, on the other hand, is evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

The Defendant has pled not guilty to the crimes charged in the indictment. An indictment is not evidence; it is just the formal way that the Government tells a defendant what crime she is accused of committing.

This Defendant, like all defendants, started trial with a clean slate—without any evidence at all against her. It is not up to her to prove her innocence; it is up to

2

the Government to present evidence that overcomes this presumption. This burden stays on the Government from start to finish. This means that the Defendant has no obligation to present any evidence at all.

The Government has the burden of proving its case against the Defendant "beyond a reasonable doubt." A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, from the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, but doubts based purely on speculation are not reasonable. To meet this standard, proof must be so convincing you wouldn't hesitate to rely and act on it in making the most important decisions in your own lives.

For you to find the Defendant guilty, you must decide that the Government has proved each element of a charged offense beyond a reasonable doubt. If you are convinced of this, then return a guilty verdict. If you are not convinced the Government has proved each element beyond a reasonable doubt, then return a not guilty verdict for that offense.

### Self-Representation

The Defendant in this case chose to represent herself rather than use the services of a lawyer. That is her constitutional right, and her choice to exercise it should not affect your decision in any way. Because she is acting as her own lawyer, you have heard her speak at various times during the trial—presenting an opening statement, examining witnesses, and discussing legal and procedural issues with me. In a few moments, she may exercise the right to make a closing argument. When the Defendant speaks in these ways, she is acting as an advocate, not a witness, and her words are not evidence. When she testified as a witness, however, that testimony is evidence for you to consider—like you would if she weren't representing herself.

Although the Defendant has chosen to represent herself, the Court has appointed Mr. Marcum, who is a lawyer, to serve as her "stand-by counsel." This is a standard procedure. Mr. Marcum may confer with the Defendant and speak in Court. As with the Defendant, when Mr. Marcum speaks in this capacity, his words are not evidence.

### Objections

The lawyers for the Government, the Defendant, or stand-by counsel may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers and the Defendant are free, and sometimes obligated, to object if they think that something is harmful and not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial. Please do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of

evidence, not on how I feel about the case.

## Transcriptions of Recordings

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

## Other Acts of the Defendant

You have heard testimony that the Defendant took some acts other than the ones charged in the indictment. If you find the Defendant did those things, you may consider the evidence only as it relates to the Government's case regarding the Defendant's intent, motive, knowledge, and absence of mistake. You must not consider this testimony for any other purpose.

Remember that the Defendant is on trial here only for the specific counts charged in the indictment—and not for any other acts. Do not return a guilty verdict on any count unless the Government proves that specific charged offense beyond a reasonable doubt.

## Proving State of Mind

Let me say a little bit about proving someone's state of mind. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what a defendant said, what a defendant did, how a defendant acted, and any other facts or circumstances in evidence that show what was in a defendant's mind. You may also consider the natural and probable results of any acts that a defendant knowingly took, and whether it is reasonable to conclude that the defendant intended those results.

## II. RULES OF LAW

For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge according to the rules explained below. The indictment charges the Defendant with eight counts of submitting false claims to the Government and one count of wire fraud. The number of charges is not evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

### Counts 1–8: False Claims

Counts 1 through 8 of the indictment accuse the Defendant of submitting false claims to the United States. In order to find the Defendant guilty of these offenses, you must find each of three elements beyond a reasonable doubt:

1. The Defendant submitted a claim against the United States, or any department or agency of the United States;
2. The claim was false, fictitious, or fraudulent; and
3. The Defendant knew that the claim was false, fictitious, or fraudulent.

Now I will explain some definitions related to these elements.

The Internal Revenue Service is a department or agency of the United States. Likewise, a tax return counts as a claim against the United States. Whether the Defendant did in fact submit a claim to the Internal Revenue Service is a factual question for you to decide.

To find that a claim was false, fictitious, or fraudulent, you must find that it was untrue, not real, or deceitful.

To find that the Defendant knew a claim was false, fictitious, or fraudulent, you must find either that she was consciously aware of its falsity or that she remained deliberately ignorant of its falsity. No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the Defendant deliberately ignored a high probability that a claim she filed was false, then you may find that she knew it was false. But to find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that the claim was false, and that she deliberately closed her eyes to what was obvious. Carelessness, or negligence, or foolishness on her part is not the same as knowledge,

and is not enough to convict. This, of course, is all for you to decide.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on the particular charge in question. If you have a reasonable doubt about any of the elements, you must return a not guilty verdict on that charge.

### Count 9: Wire Fraud

Count 9 of the indictment accuses the Defendant of wire fraud. In order to find the Defendant guilty of this offense, you must find each of four elements beyond a reasonable doubt:

1. The Defendant devised a scheme to defraud in order to deprive another of money or property;
2. The scheme included a material misrepresentation or concealment of a material fact;
3. The Defendant had the intent to defraud; and
4. The Defendant used wire communications in interstate commerce in furtherance of the scheme.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions, concerning a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. These include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

Unlike for counts 1–8 above, the wire-fraud count requires a finding that the misrepresentation or concealment was "material." That means it had a natural tendency to influence, or is capable of influencing, the decision of a person of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of depriving another of money or property.

To "cause" wire, radio or television communications to be used is to take some action with knowledge that the use of the communications is reasonably foreseeable or will follow in the ordinary course of business.

The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

It is not necessary that the Government prove all of the details alleged concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone.

If you are convinced that the Government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of the elements, you must return a not guilty verdict on this charge.

### III. JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and serve as your spokesperson when you return from the jury room back here to the courtroom.

The security officers will deliver copies of these instructions to you in the jury room. When you have reached a unanimous agreement, the foreperson should complete the verdict form attached to his or her instructions in accordance with the jury's verdict; the rest of the jurors do not need to fill out the verdict form, although you must all agree with the jury's verdict as reflected on the foreperson's form. Once the jury has made its decisions and the foreperson has recorded them, he or she should write the date, sign the verdict form on behalf of the jury, and tell the officer. Then you will return as a group with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial. But you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers and the Defendant about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an

agreement, if you possibly can do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

If you decide that the Defendant is guilty, it will be my job to decide what the appropriate punishment should be. You may not consider punishment in reaching your verdict—only whether the Government has met its burden of proof.